RUSSELL, Judge
(dissenting).
I respectfully dissent.
The majority opinion notes that in the “foreclosure after loss” situation, it is presumed that the mortgagee will consider the damaged condition of the property before election between the two available remedies and that it is assumed that an intelligent and deliberate choice will be made. The majority opinion also states that it is undisputed that the damaged condition of the property was not known to Chrysler and that, therefore, Chrysler was unaware that another remedy was available. However, the opinion goes on to provide that, because Chrysler did not inspect the property “in the days prior to the auction,” it is not entitled to relief and that “equity will not aid litigants who negligently fail to take advantage of a remedy, or who sleep upon their rights.”
Chrysler ordered a pre-foreclosure inspection of the property and received the inspection report dated April 11, 1990; the dwelling house was destroyed on May 24, 1990, and five days later the foreclosure sale took place. Based on these facts, I would not find that Chrysler failed to make *734 a timely inspection, or that it negligently failed to take advantage of its remedies.
In Baldwin, while the supreme court established the “foreclosure after loss” rule, it also noted that “[t]here is no allegation in the statement of facts that plaintiff had no notice of the fire at the time of the loss, and repudiated or annulled the sale, if he could being the purchaser.” 231 Ala. at 103, 163 So. at 604-05. In the present case it is clear that Chrysler had no notice of the fire and that it, therefore, did not have a choice between the available alternatives.
If the situation provided in the majority opinion remains, the mortgagee, Chrysler, will lose and the mortgagor, the Bolling estate, will be unjustly enriched. Such is inequitable and even appears, under these facts, to be punitive. Chrysler does not seek the unjust enrichment that would result from allowing both the sale at foreclosure and its collection of the insurance proceeds, but, rather, seeks a return to the status quo so that it may choose between the available remedies. Therefore, I would reverse the judgment and remand the cause to the trial court.